UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSARIO ROSADO,

      Plaintiff,

  v.

HOSPITALITY SOFTNET INC., a Delaware corporation, and GARY RICHARDS,

      Defendants.

_____/

Case No.:

JURY DEMANDED

## COMPLAINT AT LAW

NOW COMES the plaintiff, ROSARIO ROSADO ("Rosado"), by and through undersigned counsel, and complaining of the defendants, HOSPITALITY SOFTNET INC., a Delaware corporation, and GARY RICHARDS, alleges as follows:

### PARTIES

1. Plaintiff ROSARIO ROSADO ("Rosa") is an individual residing in Broward County, Florida.

2. Defendant GARY RICHARDS ("Richards") is an individual residing in Boston, Massachusetts, who, upon information and belief, is the President, Director, and CFO of Hospitality Softnet, Inc. and was involved in the events giving rise to this action.

3. Defendant HOSPITALITY SOFTNET INC. ("Hospitality Softnet") is a Delaware corporation registered as a foreign for-profit corporation in the State of Florida, with its principal place of business located at 60 State Street, Suite 700, Boston, MA 02109-1894, which corporation is engaged in the business of hospitality, operates nationally and engages in business activities within the Southern District of Florida, including through its hospitality marketing, assessment, and training services.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332 (Diversity of Citizenship) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff Rosa is a citizen of Florida, while Defendant Gary Richards is a citizen of Massachusetts, and Defendant Hospitality Softnet, Inc., is a Delaware corporation with its principal place of business in Boston, Massachusetts.

5. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district. The alleged defamatory statements, employment-related actions, and harm suffered by Plaintiff occurred within this judicial district, and key witnesses to the events are located here. Furthermore, Defendant Hospitality Softnet, Inc., conducted business within Florida, making this district the appropriate forum for this action.

## GENERAL ALLEGATIONS

6. Plaintiff Rosa had been a property manager at Taplin Falls Ltd. for 20 years, where she was responsible for a broad range of duties, including posting rent payments, preparing make-ready schedules for vacant units, ensuring property maintenance, and overseeing the leasing, maintenance, and security departments; she also handled lease renewals, tenant notices, and Section 8 applicants.

7. In or around January 2024, Taplin Falls Ltd. engaged Hospitality Softnet, Inc., a third-party consulting firm, to assess its operations. Gary Richards, an agent of Hospitality Softnet, Inc., conducted this assessment in his capacity as a consultant.

8. On or around January 27, 2024, during his assessment, Gary Richards falsely accused Rosa of embezzling from Taplin Falls Ltd., alleging that she had fraudulently marked a

large number of rental units as rented while secretly listing them on Airbnb for personal profit, diverting substantial revenue for herself.

9. Richards further claimed that Rosa had improperly controlled nearly 30 rental units, resulting in alleged financial losses to Taplin Falls Ltd. of approximately $75,000 per month over a span of several months.

10. As a direct result of these accusations, Rosa was terminated from her position at Taplin Falls Ltd. on January 29, 2024.

11. These allegations were made in a workplace meeting, attended by multiple employees and witnesses, as well as numerous employees from Falls of Pembroke and Marina Bay, where the accusations were widely discussed.

12. In addition to the aforesaid meeting, upon information and belief, these statements were also made on other occasions preceding Rosa's termination to several individual employees, managers, officers, and business acquaintances of Taplin Falls Ltd.

13. The aforesaid allegations of embezzlement and corporate theft were not true.

14. Following her termination, Rosa faced significant damage to her professional reputation, including difficulty securing new employment, as potential employers refused to consider her after learning of the false accusations.

15. When Rosa did find employment, she was forced to accept a significant pay cut.

16. The defamatory allegations and their consequences have caused Rosa financial, professional, and emotional harm, including damage to her long-standing reputation in the real estate industry, economic hardship, and personal distress.

## COUNT I – DEFAMATION
## (GARY RICHARDS)

17.     Plaintiff incorporates the foregoing as if fully set forth herein.

18.     On or about January 27, 2024, Defendant Gary Richards made false, defamatory, and unprivileged statements about Plaintiff Rosa, including but not limited to allegations that Plaintiff had engaged in embezzlement by fraudulently marking rental units as occupied while secretly listing them on Airbnb for personal financial gain.

19.     These statements were made in a workplace meeting attended by multiple individuals as well as employees at Falls of Pembroke and Marina Bay, where the defamatory accusations were widely circulated and discussed.

20.     In addition to the meeting, upon information and belief, these statements were also made on other occasions preceding Rosa's termination to several individual employees, managers, officers, and business acquaintances of Taplin Falls Ltd.

21.     Defendant's statements were false and made with reckless disregard for the truth, as no evidence was ever provided to substantiate the claims.

22.     The statements made by Defendant imputed criminal activity to Plaintiff, accusing her of fraud and embezzlement—offenses that constitute serious felonies and, upon information and belief, could be considered infamous crimes under Florida law.  These allegations falsely suggested that Plaintiff engaged in conduct tantamount to grand theft or larceny, crimes that carry severe legal and reputational consequences.

23.     The statements also tended to injure Plaintiff in her trade and profession, as they directly called into question her integrity, honesty, and professional competence as a property manager.

24. Defendant knew or should have known that these statements were false, or at the very least, acted with reckless disregard for their truth or falsity when making the allegations.

25. Defendant's false statements directly caused Plaintiff's termination from Taplin Falls Ltd. on January 29, 2024, and led to severe reputational harm, including an inability to secure comparable employment, financial hardship, and significant emotional distress.

26. As a direct and proximate result of Defendant's defamatory statements, Plaintiff has suffered:

   A. Presumed damages, as the statements made amount to defamation per se;

   B. Actual damages, including loss of employment, a significant reduction in income, and diminished career opportunities;

   C. Emotional distress, personal humiliation, and psychological harm resulting from the damage to her reputation; and

   D. Harm to her professional reputation, as the statements prejudiced Plaintiff in her trade or profession and destroyed confidence in her honesty, integrity, and ability to perform her job duties.

27. Defendant's conduct was malicious, intentional, and in reckless disregard of Plaintiff's rights, warranting an award of punitive damages in an amount to be determined at trial.

## COUNT II – DEFAMATION
## (HOSPITALITY SOFTNET INC.)

28. Plaintiff incorporates all of the above allegations as if fully set forth herein.

29. At all times material hereto, Defendant Gary Richards was acting within the course and scope of his employment and/or agency relationship with Defendant Hospitality Softnet, Inc., including but not limited to his role as a consultant assessing Taplin Falls Ltd.

30. The false and defamatory statements made by Richards concerning Plaintiff Rosa were made within the scope of his employment and in furtherance of Hospitality Softnet, Inc.'s business activities, including the consulting services provided to Taplin Falls Ltd.

5

31. Under the doctrine of *respondeat superior*, Hospitality Softnet, Inc., is vicariously liable for the wrongful conduct of Richards in making the defamatory statements against Plaintiff.

32. Defendant Hospitality Softnet, Inc., is vicariously liable to the Plaintiff to for her aforesaid damages to the same extent as its employee and/or agent, Defendant Gary Richards.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rosario Rosado prays for judgment in her favor and against Defendants Gary Richards and Hospitality Softnet, Inc., in an amount to be determined by the trier of fact, including the following:

A. Compensatory damages in an amount to be determined at trial, including but not limited to damages for harm to her reputation, loss of standing in her profession and community, emotional distress, mental anguish, humiliation, personal suffering, lost earnings, including past and future wage loss due to reputational harm, and other actual damages sustained as a result of Defendants' conduct.

B. Presumed damages, as the statements made amount to defamation per se and imputed criminal conduct to Plaintiff, inherently causing reputational and economic harm.

C. Punitive damages in an amount sufficient to punish Defendants for their malicious and reckless conduct and to deter similar wrongful actions in the future.

D. Pre-judgment and post-judgment interest as permitted by law.

E. Costs of suit, including attorneys' fees where applicable.

F. Any further relief that this Court deems just, proper, and equitable under the circumstances.

         Respectfully submitted,

         /s/ Shaun R. Bushing
         _____
         Shaun R. Bushing
         *Attorney for Plaintiff*

Shaun R. Bushing, Esq.
AMATORE & BUSHING
1157 W Newport, Suite K
Chicago, IL 60657
(888) 598-8861 - office
(954) 232-8826 - direct
shaun@amatorebushing.com
Florida Bar #: 1041081

Roy P. Amatore, Esq.
AMATORE & BUSHING
(*Pro hac vice* application to be submitted)
1157 W Newport, Suite K
Chicago, IL 60657
(888) 598-8861 - office
(630) 569-1701 - direct
roy@amatorebushing.com